The opinion of the Court was delivered by
Munro, J.
That the relations of attorney and client, and principal and agent, are identical — and that the power of the principal to revoke the authority of the agent, is an essential element in that relation — are propositions that will scarcely be questioned.
That the plaintiff, Reed, did exercise the power which pertained to him as principal, by revoking the authority of his attorney — and that notice of such revocation was communicated to the defendant before he appropriated the fund he had collected under the plaintiff’s executions — are facts which the defendant has not even attempted to controvert. Suppose, then, that the defendant, after the receipt of such notice, had, nevertheless, either through ignorance or mistake, actually paid over the money to the attorney — however fair such conduct may have served to excuse him in a moral aspect, it would, by no means, have absolved him from legal responsibility. But, unfortunately for the defendant, the facts of the case entirely exclude so charitable a construction of his conduct; for, while the attorney’s receipt for the amount of the Cook execution purports to bear date on the 19th of May, in his own letter, written three days after — the 22d — he admits that the Cook execution was still open.
But was a dollar of the money really paid over by the defendant to Fickling ? On the contrary, the proof is conclusive, that so far from his having done so, he appropriated the entire amount of the fund he had collected for the plaintiff, to the payment of the debt which was due to himself by Fickling.
Viewing the whole case, then, in the most favorable aspect of which it is susceptible, it amounts to so gross a violation of official duty, that even the verdict of a jury, potent as it may be, *129 cannot sanctify it. So that the question remains, Shall a verdict so totally destitute of evidence to sustain it, as this unquestionably is, be allowed' to stand, and so flagrant a wrong be permitted to go unredressed ?
The defendant presumes too much on the impotency of the law, if he imagines for a moment, that this case is beyond its control — for we have abundant authority in our own jurisprudence to sustain the position, that a verdict without evidence, is a verdict contrary to law. In the case of Means vs. Moore, (3 McC. 282,) Johnson, J., in delivering the opinion of the Court, holds the following language: “ The Court need not resort to a metaphysical argument to prove, that a verdict without evidence is contrary to law. The right to control a verdict, under such circumstances, has always been claimed and maintained in this and in every other country where the laws have been properly administered; and of this our own Courts furnish many instances.” In Means vs. Means, (6 Rich. 1,) the same doctrine was affirmed and acted upon; and I cannot conclude this opinion better, than by adopting the concluding language of the Court in that case :
“ The verdict is so totally unsupported by the evidence, that the Court is constrained to grant the motion for a new trial.”
The motion is therefore granted.
O’Neall, Withers, Whitner and Glover, JJ., concurred.
Wardlaw, J., absent at the-hearing.

Motion granted.